OPINION
On September 8, 1988, appellant, William A. Data, Jr., signed a verified answer admitting allegations of complaint in paternity and a voluntary judgment entry in paternity establishing himself as the natural and legal father of William A. Data, III born October 3, 1986. The child's mother is appellee, Kimberly A. Cooper. Ten years later, on October 28, 1998, appellant filed a motion for paternity testing seeking to vacate the voluntary judgment entry in paternity. A hearing before a magistrate was held on December 18, 1998. By decision dated same date, the magistrate found the issue of parentage was barred by the doctrine of res judicata and laches. On December 23, 1998, appellant filed objections to the magistrate's decision. Appellant also filed a motion for relief from judgment pursuant to Civ.R. 60(B). A hearing was held on February 4, 1999. By judgment entry filed February 5, 1999, the trial court overruled the objections and denied appellant's motion for relief from judgment. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT AND IN OVERRULING APPELLANT'S OBJECTION TO THE MAGISTRATE'S DECISION WHEREIN THE MAGISTRATE DENIED APPELLANT'S REQUEST FOR GENETIC TESTING.
 I
Appellant claims the trial court erred in denying his Civ.R. 60(B) motion and his request for genetic testing. We disagree. Ten years after signing a verified answer admitting allegations of complaint in paternity and a voluntary judgment entry in paternity, appellant requested the trial court to set aside the judgment and order genetic testing. In GTE Automatic Electric Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following: To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. (60)(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Appellant's motion for relief from judgment was filed under Civ.R. 60(B)(2), (3), (4) and (5). In order to qualify for relief under subsections (2) and (3), the motion must be made "not more than one year after the judgment." Clearly the request for relief under subsections (2), newly discovered evidence, and subsection (3), fraud, are untimely. Under Civ.R. 60(B)(4), relief may be granted if "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Under Civ.R. 60(B)(5), relief may be granted for "any other reason justifying relief from the judgment" so long as it is made "within a reasonable time." Appellant argues our opinion in DaCosta v. Nemeth (February 17, 1998), Stark App. No. 1997CA00076, unreported, supports his request for relief. In DaCosta, the child was found to be issue of the marriage in the 1987 divorce decree and in 1993, the father filed a request for relief from judgment asking the court to find the child was not born as issue of the marriage. The trial court granted the relief and upon review we concluded Civ.R. 60(B)(4) was the appropriate vehicle to attack the judgment and furthermore, the trial court did not abuse its discretion. The DaCosta case differs from the case sub judice in that it appears three years prior to the Civ.R. 60(B) motion, the parties were aware Mr. DaCosta was not the father of the child. This was subsequent to the 1987 divorce decree. In the case sub judice, there has lapsed ten years since the original acknowledgment and waiver of genetic testing. It is undisputed from appellant's affidavit filed with the Civ.R. 60(B) motion that appellee "has alleged on several different occasions that he [appellant] is not the biological father of William A. Data, III. Plaintiff [appellee] has also told the child on several occasions that affiant is not his natural father." By judgment entry filed February 5, 1999, the trial court overruled the objections to the magistrate's findings that the matter is not a proper subject for Civ.R. 60(B) relief because res judicata and laches apply. Essentially, the ruling is that under Civ.R. 60(B)(4) and (5), the motion was not filed within "a reasonable time." We concur the motion is not timely, but find it is not res judicata. Clearly a Civ.R. 60(B)(4) and (5) motion presupposes the issue is identical as to the parties and issues. The ruling that the motion is barred by "laches" is the finding that it is untimely. From the facts sub judice, we find ten years has lapsed from the original determination. The child has appellant's name. By appellant's own admission, he has known for some time he is not the father as evidenced by the fact he explained to the child some seven years prior to the motion being filed that he was not his father. T. at 10. In order for this court to determine that the trial court abused its discretion in finding the motion untimely, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Because this is clearly a discretionary call as to timeliness, we find, given the facts that ten years has lapsed since the judgment of paternity, the motion was not filed until after a substantial increase in child support had been ordered and all parties were aware of the parentage issue some seven years prior to the motion, the trial court did not err in denying the motion. Furthermore, there exists in equity under which this motion is argued that children should not be delegitimatized or bastardized at the will of adults. Adults who freely admit to parentage when the times are good, but when relationships fail or in this case when the cost of parentage increases, should not be entitled to equitable relief under the theory of "clean hands." Overwhelming public policy mitigates against the bastardization of children ten years after the voluntary establishment of paternity. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.